UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERFAN EFTEKHARI,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>JEREMY CASEY, Facility administrator at the Imperial Regional Detention Facility, GREGORY J. ARCHAMBEAULT, Director of the U.S. Immigration and Customs Enforcement San Diego Field Office, TODD LYONS, acting Director of U.S. Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, and PAM BONDI, U.S. Attorney General,<br><br>　　　　　　　　　　　Respondents. | Case No.: 25-cv-3245-JES-MSB<br><br>**ORDER:**<br><br>**(1) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(2) SETTING BRIEFING SCHEDULE; and**<br><br>**(3) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**<br><br>**[ECF No. 1]** |

　　　Before the Court is Petitioner Erfan Eftekhari's ("Petitioner's") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on November 21, 2025, and transferred to this Court on November 24, 2025. ECF No. 1.

　　　Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition should not be granted by filing a Response no later than 5:00 p.m. on **Monday, December 1, 2025**.

The Response shall include any documents relevant to the determination of the issues raised in the Petition and address whether an evidentiary hearing on the Petition is necessary. Respondents **SHALL SERVE** a copy of the Response on the Petitioner. Petitioner may file an optional Traverse in support of the Petition no later than 5:00 p.m. on **Tuesday, December 2, 2025**. After the petition has been fully briefed, the Court will determine whether it is appropriate to take the matter under submission or if oral argument will be required.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: November 25, 2025

Honorable James E. Simmons Jr.
United States District Judge