UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERFAN EFTEKHARI,<br><br>                      Petitioner,<br><br>v.<br><br>JEREMY CASEY, Facility administrator at the Imperial Regional Detention Facility, GREGORY J. ARCHAMBEAULT, Director of the U.S. Immigration and Customs Enforcement San Diego Field Office, TODD LYONS, acting Director of U.S. Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, and PAM BONDI, U.S. Attorney General,<br><br>                      Respondents. | Case No.: 25-cv-3245-JES-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

    Before the Court is Petitioner Erfan Eftekhari's ("Petitioner's") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on November 21, 2025, and transferred to this Court on November 24, 2025. ECF No. 1 ("Pet"). Respondents filed a return on December 1, 2025. ECF No. 6. Petitioner filed a traverse on December 2, 2025. ECF No. 7. For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Iran. Pet. ¶ 1. Petitioner fled Iran due to persecution for his sexual orientation, including experiences of sexual violence and incarceration in his home country. *Id.* ¶¶ 2, 17.

On May 12, 2025, an immigration judge issued an order of removal against Petitioner and also granted Petitioner withholding of removal to Iran under the Convention Against Torture ("CAT"). *Id.* ¶ 1; ECF No. 6-2 at 13. Petitioner reserved the right to appeal, but did not do so prior to the deadline of June 9, 2025. ECF No. 7 at 3.

Petitioner has been in custody since at least the May 12, 2025, hearing before the immigration judge. Pet. ¶ 1. Respondents have attempted to remove Petitioner to a third country during this time, but have been unable to effectuate removal. ECF No. 6 at 8. Specifically, Respondents have submitted requests to remove Petitioner to Germany, Canada, and Switzerland, all of which have been denied. *Id.* Respondents state that they have submitted another request to a division of DHS responsible for removal for assistance with identifying a third country to which they can remove Petitioner. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

### A. Jurisdiction

As an initial matter, Respondents argue that the Court does not have jurisdiction over areas of immigration law, like the decision to initiate removal proceedings against an alien, designated by law to the executive branch. ECF No. 6 at 4. As discussed in other cases before this Court and in this District, the Court agrees with the government's underlying proposition but finds that it has jurisdiction to hear Petitioner's claims that his detention is unlawful. *See Sanchez v. Noem*, 25-cv-2995-JES-BJW, ECF No. 11 (S.D. Cal. Sept. 26, 2025); *Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025); *Mendez Los Santos v. LaRose*, 25-cv-2216-TWR-MSB, ECF No. 14 (S.D. Cal. Sept. 4, 2025) (granting petition by minute order); *Rokhifirooz v. LaRose et al.*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165 (S.D. Cal Sept. 15, 2025).

### B. Due Process Violation

Petitioner argues that his continued violation violates the Fifth Amendment's Due Process clause under the standard set forth by *Zadyvdas* because he has been detained for over six months and Respondents have not shown a likelihood of effectuating his removal. Pet. ¶¶ 34-44; *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court agrees.

Following a final order of removal against an alien, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(2)(A). The government may hold the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed habeas courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months

while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

Here, Petitioner and Respondents disagree as to when Petitioner's final order of removal became final. *See* ECF Nos. 6 at 8; 7 at 3. This disagreement is immaterial to the Court's ruling on this Petition, because Petitioner's detention has exceeded the presumptively reasonable six-month period even considering Respondents' later alleged date of June 9, 2025. ECF No. 4 at 8; *Zadvydas*, 533 U.S. at 701. As the presumptively reasonable time has elapsed, the Court must consider whether Respondents have shown that Petitioner's removal is reasonably foreseeable. *Id.* at 699-700. Respondents may not remove Petitioner to his home country of Iran under his CAT withholding order. Pet. ¶ 1. Respondents have tried to effectuate Petitioner's third country removal to Germany, Canada, and Switzerland, and had requests denied each time. ECF No. 6 at 8. In their response, Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when three others have failed.

Respondents argue that granting this Petition would be premature because they have sent requests within ICE for assistance identifying further countries to which Petitioner may be removed. *Id.* However, the Government's diligent and/or good faith effort to remove an individual is not sufficient to show a significant likelihood of that individual's removal. *See Conchas-Valdez v. Casey*, No. 25-cv-02469-DMS-JLB, 2025 WL 2884822 at *3 (S.D. Cal. Oct. 6, 2025) (citing *Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *5 (W.D.N.Y. Jan. 2, 2019)). With an order prohibiting Petitioner's removal to his country of citizenship, three refusals to accept Petitioner from third countries, and no individualized information showing a significant likelihood of Petitioner's removal to any other country, the Court cannot find that Respondents have met their burden. *See Zadvydas*, 533 U.S. at 680. Thus, the Petition is **GRANTED** on due process grounds.

## IV.   CONCLUSION

For the reasons stated above, Petitioner's Writ of Habeas Corpus is **GRANTED**. As the requested relief is granted, Petitioner's remaining claims are moot. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting Order of Supervision. The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **December 12, 2025**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: December 9, 2025

Honorable James E. Simmons Jr.
United States District Judge